UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HAROLD L. ROSBOTTOM, JR | CIVIL ACTION NO. 17-0638 (LEAD) |
| | CIVIL ACTION NO. 17-0668 (MEMBER) |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GERALD H. SCHIFF | MAGISTRATE JUDGE HORNSBY |

**ORDER**

The Court having considered Appellee, Gerald H. Schiff's ("Schiff"), Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [Record Document 10(member)],

**IT IS ORDERED** that the Motion is **DENIED**. Schiff argues that Appellant, Harold L. Rosbottom, Jr.'s ("Rosbottom") appeal is incurably defective rendering the Court without subject matter jurisdiction because Rosbottom cannot appeal the thirteen separate orders[1] entered into by the bankruptcy court by means of a single notice of appeal. In other words, Schiff contends that Rosbottom must file separate notices of appeal, as to each order, accompanied by the appeal fee, in order for his appeal to be procedurally sound.

---

[1] The Orders are as follows: Order on Motion to Stay (Record Document 2147, Rosbottom Bankruptcy); Order on Motion to Set Hearing (Record Document 2148); Order on Motion to Set Hearing (Record Document 2149); Order on Motion to Modify Plan (Record Document 2150); Order on Motion to Set Hearing (Record Document 2151); Order on Motion to Modify Plan (Record Document 2152); Order on Motion To Set Hearing (Record Document 2153); Order on Motion To Set Hearing (Record Document 2154); Order on Motion To Set Hearing (Record Document 2155); Order on Motion To Set Hearing (Record Document 2156); Order on Motion To Set Hearing (Record Document 2157); Order on Motion for Leave to Amend (Record Document 2158); Order on Miscellaneous Motion (Record Document 2159).

"The general policy of the Fifth Circuit is to be 'lenient in interpreting notices of appeals, and [to maintain] a policy of liberal construction . . . where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.'" Colvin v. Amegy Mortg. Co., LLC, 537 B.R. 310, 313 (W.D. Tex. 2015) (quoting In re Blast Energy Services, Inc., 593 F.3d 418, 424 n. 3 (5th Cir. 2010)) (internal quotation omitted) (citation omitted). "The test for whether a court should consider appeals on issues or orders not clearly indicated in the notice of appeal is whether: (1) 'the intent to appeal a particular judgment can be fairly inferred, and (2) . . . the appellee is not prejudiced or misled by the mistake.'" Colvin, 537 B.R. at 313 (quoting In re Trans American Natural Gas Corp., 978 F.2d 1409, 1414 (5th Cir.1992)). Furthermore, although not a bankruptcy opinion, the Fifth Circuit has held that "an appeal from a final judgment sufficiently preserves all prior orders intertwined with a final judgment." Tr. Co. of Louisiana v. N.N.P. Inc., 104 F.3d 1478, 1485 (5th Cir. 1997).

Before addressing the issue before the Court, the Court notes and highlights the unusual procedural posture utilized by the bankruptcy court. Instead of addressing Rosbottom's numerous motions separately, the bankruptcy court entered into a Final Decree Order that the bankruptcy court suggested would resolve the substantive issues presented in a series of motions related to modification of the Chapter 11 Reorganization Plan. This Order was entered into on May 1, 2017. See Record Document 2146. As a result of entering into the Final Decree Order, the bankruptcy court denied as moot each of Rosbottom's separate orders on May 2, 2017 highlighted in footnote one, *supra*. See Record Documents 2147-2159. Rosbottom filed his Notice of Appeal as to the Order on Motion for Final Decree on May 15, 2017. See Record Document 2178.

Although the bankruptcy court denied as moot each of Rosbottom's separate orders after it entered its Final Decree Order, the Court is not persuaded by Schiff's novel argument that Rosbottom's appeal is incurably defective. By filing the aforementioned motions, it can be reasonably inferred that Rosbottom sought to appeal the bankruptcy court's Final Decree Order, which mooted his prior motions to modify the Chapter 11 Reorganization Plan. It appears to the Court that although vexatious, Rosbottom's intention was to have the bankruptcy court conduct a hearing on his proposal for a modified Chapter 11 Reorganization Plan. Moreover, Schiff will not be prejudiced or misled by the mistake because he as the Trustee is well aware of the procedural posture of the proceedings since very early in the litigation. Lastly, requiring Rosbottom to file thirteen separate notices of appeal as to each order would not only be inefficient and costly to Rosbottom and future appellants under like circumstances, but it would be burdensome on the clerk of court and its resources.

In Rosbottom's bankruptcy appeal, which the Court will consider in due course, the Court will address the issue of whether the bankruptcy court erred in never ruling upon and deeming moot by Final Decree pending "substantive" motions to modify the confirmed Chapter 11 Reorganization Plan as well as Rosbottom's due process argument. Accordingly, Schiff's Motion to Dismiss is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 30th day of May, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT