**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| HAROLD L. ROSBOTTOM, JR | CIVIL ACTION NO. 17-0638 (LEAD)<br>CIVIL ACTION NO. 17-0668 (MEMBER) |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GERALD H. SCHIFF | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a bankruptcy appeal by Appellant, Harold L. Rosbottom, Jr. ("Rosbottom") from the bankruptcy court's Order on Motion for Final Decree filed by Appellee, Gerald H. Schiff ("Schiff"), who served as the Trustee in the bankruptcy proceeding. Rosbottom requests that the Final Decree Order and the orders on which it relies be vacated and the opinion of the bankruptcy court be reversed. For the reasons contained in the instant Memorandum Ruling, the bankruptcy court's ruling is **AFFIRMED**.

**I.   BACKGROUND**

On June 9, 2009, Rosbottom filed a Chapter 11 Voluntary Petition for bankruptcy. See Record Document 1, Bankruptcy Docket Sheet. On February 18, 2010, the U.S. Trustee appointed Schiff as the Chapter 11 Trustee in accordance with 11 U.S.C. § 1104. See Record Document 847, Bankruptcy Docket Sheet. The Chapter 11 Plan of Reorganization proposed by Schiff was confirmed on May 1, 2013. See Record Document 1745, Bankruptcy Docket Sheet. On October 31, 2016, Schiff filed a Motion for Final Decree. See Record Document 2079, Motion for Final Decree. After numerous continuances of the hearing on Schiff's Motion for Final Decree, the bankruptcy court held a hearing on March 23, 2017. However, Rosbottom was unable to attend the hearing due to a security emergency at the federal prison where he was incarcerated in relation to the

bankruptcy proceeding. See Record Document 2-24 at pp. 35-36, Hearing Transcript. Accordingly, the bankruptcy court, at the outset of the hearing, addressed Rosbottom's non-appearance and how it would remedy his non-appearance by allowing him access to the hearing transcript and the ability to file a Post Hearing Memorandum.

On May 1, 2017, the bankruptcy court determined that the case had been fully administered and entered a Final Decree Order closing the case. See Record Document 1-2 at p. 15, Order Granting Motion for Final Decree. The bankruptcy court came to its decision based on substantial evidence in the record as well as witness testimony at the hearing and Rosbottom's Post Hearing Memorandum. See id. at p. 18; Record Document 2079. As a result of the bankruptcy court granting Schiff's Motion for Final Decree Order, the court denied as moot each of Rosbottom's separate "substantive" motions by entering separate orders[1] on May 2, 2017. See Record Documents 2147-2159. On May 15, 2017, Rosbottom filed his Notice of Appeal that is the subject of the present Memorandum Ruling. See Record Document 2178, Notice of Appeal. Rosbottom raises three issues on appeal which the Court will address *infra*:

> 1. Whether the bankruptcy court violated the due process clause of the United States Constitution and Fed. R. Bankr. P. 9029 and Fed. R. Civ. P. 83(a)(2) by excluding all of Rosbottom's evidence in opposition to the Final Decree Order by operation of the bankruptcy court's standing order.

---

[1] The Orders are as follows: Order on Motion to Stay (Record Document 2147, Rosbottom Bankruptcy); Order on Motion to Set Hearing (Record Document 2148); Order on Motion to Set Hearing (Record Document 2149); Order on Motion to Modify Plan (Record Document 2150); Order on Motion to Set Hearing (Record Document 2151); Order on Motion to Modify Plan (Record Document 2152); Order on Motion To Set Hearing (Record Document 2153); Order on Motion To Set Hearing (Record Document 2154); Order on Motion To Set Hearing (Record Document 2155); Order on Motion To Set Hearing (Record Document 2156); Order on Motion To Set Hearing (Record Document 2157); Order on Motion for Leave to Amend (Record Document 2158); Order on Miscellaneous Motion (Record Document 2159).

2. Whether the bankruptcy court erred in never ruling upon and deeming moot by its Final Decree Order pending "substantive" motions to modify the confirmed Chapter 11 Reorganization Plan.

3. Whether the bankruptcy court erred in its opinion that Rosbottom lacked cognizable legal interest in a contested matter initiated by a timely motion to modify the confirmed Chapter 11 Reorganization Plan and ruling that it was impossible for the court to grant Rosbottom any effectual relief whatsoever both before and after it entered its Final Decree Order that closed the Chapter 11 proceeding.

See Record Document 30 at p. 8, Appellant Brief.

## II. LAW AND ANALYSIS

### A. Jurisdiction and Standard of Review.

This Court has jurisdiction over Rosbottom's appeal from the bankruptcy court's Final Decree Order pursuant to 28 U.S.C. § 158(a). In reviewing a decision of the bankruptcy court, this Court functions as an appellate court and applies the standards of review generally applied in a federal court of appeals. See Matter of Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Conclusions of law are reviewed *de novo*. See Matter of Herby's Foods, Inc., 2 F.3d 128, 131 (5th Cir. 1993). Findings of fact are not to be set aside unless clearly erroneous. See id. at 130-31. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." Matter of Missionary Baptist Foundation of America, 712 F.2d 206, 209 (5th Cir. 1983). Thus, appellate courts will sustain a bankruptcy court's factual findings "absent a firm and definite conviction that the bankruptcy court made a mistake." In re Ragos, 700 F.3d 220, 222 (5th Cir. 2012) (citation omitted).

### B. Rosbottom's Due Process Claim.

Rosbottom contends that the bankruptcy court violated the due process clause of the United States Constitution and Fed. R. Bankr. P. 9029 and Fed. R. Civ. P. 83(a)(2) by excluding all of his evidence in opposition to Schiff's Motion for Final Decree Order by operation of the bankruptcy court's standing order. Schiff advances two arguments: (1) Rosbottom has waived any due process claim by raising such for the first time on appeal, and (2) Rosbottom has no due process claim.

#### i. Whether Rosbottom waived his due process claim.

The Court rejects Schiff's contention that Rosbottom waived any due process claim by raising such for the first time on appeal. "It is well established that [reviewing courts] do not consider arguments or claims not presented to the bankruptcy court." In re Jazz Casino Co., L.L.C., Civil Action No. 03-3018, 2004 WL 2095616, at *5 (E.D. La. Sept. 7, 2004) (citing Gilchrist v. Westcott, 891 F.2d 559, 561 (5th Cir.1990)). "To be preserved for appeal, 'the argument must be raised to such a degree that the trial court may rule on it.'" In re Jazz, 2004 WL 2095616, at *5 (citing Matter of Fairchild Aircraft Corp., 6 F.3d 1119, 1128 (5th Cir.1993)). In the present action, it is true that Rosbottom was aware of the standing order as he participated in earlier hearings by telephone. However, in his Post Hearing Memorandum, Rosbottom raised his due process argument as it relates to the court's standing order. The Post Hearing Memorandum was presented to the bankruptcy court as the equivalent of Rosbottom's appearance at the hearing. As such, the Court finds that his due process claim was raised to the same extent as if Rosbottom had made an objection of that nature at the hearing. Further, the bankruptcy court ruled on the aforementioned objection in its Order Granting Motion for Final Decree. See

Record Document 2-25 at p. 14, Post Hearing Memorandum; Record Document 1-2 at p. 17, Order Granting Motion for Final Decree. Therefore, the Court finds that Rosbottom's due process claim is ripe for review.

### ii. Whether Rosbottom's due process rights were violated.

Rosbottom contends his due process rights were violated because he was unable to present evidence at the Final Decree hearing due to the bankruptcy court's standing order. In the court's Order granting Schiff's Motion for Final Decree, the bankruptcy court cited to its standing order that states:

> Telephonic appearances are not permitted in evidentiary matters or on any Chapter 13 Trustee panel. Witnesses may not be presented by telephone and witnesses may not be examined by telephone. Parties may not participate by a speaker phone or a cell phone. If a technological problem arises, the hearing will continue without the participation of telephone participants. The Court will not delay hearings for signal problems, interference or phone failure. Accordingly, persons choosing to attend a hearing by telephone do so at their own risk of a technological failure. Parties appearing by phone should contact the Court's Judicial Assistant, Patrice Kendrick at (318) 676-4269 not later than five minutes prior to the scheduled hearing.

Record Document 1-2 at p. 17, Order Granting Motion for Final Decree. The bankruptcy court explained its reasons for the standing order in the Final Decree Order stating:

> This procedure is routinely and fairly applied to all who appear by telephone in this Court. As a trier of fact in a bankruptcy proceeding, this Court has legitimate concerns regarding the fairness and legitimacy of any evidence or testimony presented by telephone. Telephone examination or presentation of witnesses is cumbersome, and the review of documents and introduction of documentary evidence by telephone is nearly impossible. In addition, the presentation of evidence by telephone has the potential of exponentially expanding the length of a hearing. It is in the interest of justice, and with due regard to the importance of live testimony in open court, that the Court disallows witnesses being examined or evidence being introduced by telephone.

Id. The bankruptcy court recognized that a violation of due process argument may be raised by Rosbottom in the future. Accordingly, in the hearing, the bankruptcy court explained the procedure that was to be utilized to prevent a violation of Rosbottom's due process rights. The bankruptcy court explained the procedure to be used due to Rosbottom's non-appearance at the hearing as follows:

> THE COURT: Given his nonappearance, the Court's going to deal with that in this way. We're going to proceed today.
>
> …
>
> Okay? But here's what the Court's going to do to hopefully resolve any issues basically of due process. And so the record is again clear, Mr. Rosbottom, by appearing by telephone, cannot introduce evidence at this hearing. This court has had in place for quite an extended period of time a standing order regarding telephone appearances, and it specifically provides that parties appearing by telephone may not present evidence. So Mr. Rosbottom's appearance by telephone would simply be for the purpose of him hearing what happened in court today. So I am going to allow Mr. Phillips to present his evidence, make whatever arguments he may want to make that he has not already made by brief. The Court is then going to order a transcript of today's hearing. I'm going to order that that transcript be filed of record on the docket. And I am going to ask you, Mr. Phillips, as an accommodation to the Court, once it is filed on the docket that you basically print it and forward it to Mr. Rosbottom. At the end of the hearing -- or actually after it's docketed and I'm aware, I'd ask you to then file a certificate of service that you served that on him, and I, at that same time that I see the certificate of service will file some sort of order saying that if Mr. Rosbottom has anything he wants to say in relation to what is on the record today, he may do so in the form of a brief, understanding he has no ability to present evidence. Holding this hearing where he can't present evidence really doesn't prejudice him in any way. And as long as he has a transcript of what occurs, he should be fully protected. And it's this Court's opinion that he's fully protected and that his due process rights basically have been protected by this Court.

Record Document 2-24 at pp. 36-37, Hearing Transcript.

The Court is not persuaded by Rosbottom's contention that his due process rights were violated. In fact, the bankruptcy court in allowing Rosbottom access to the hearing transcript and to file his Post Hearing Memorandum raising any concerns that he was

unable to at the hearing due to his non-appearance satisfied any due process concern. Furthermore, the bankruptcy court noted in its Order Granting Motion for Final Decree that:

> the debtor's lack of knowledge of the Bankruptcy Code, Bankruptcy Rules, local rules, standing orders, or courtroom procedures does not preclude their application. This Court, including the Clerk of Court, has no statutory duty to provide the debtor with legal advice. *Pro se* debtors may represented themselves, but are assured no additional rights than any other litigant. The debtor could have hired an attorney, or sought other legal process to appear at the hearing. His ignorance is simply not a defense or an excuse.

The Court agrees with this statement. Accordingly, the Court did not err in finding that Rosbottom's due process rights were preserved by allowing Rosbottom access to the hearing transcript and to file the Post Hearing Memorandum.

### iii. Whether the bankruptcy court's standing order violated Fed. R. Bankr. P. 9029 and Fed R. Civ. P. 83(a)(2).

Fed. R. Bankr. P. 9029, which is an adaptation of Fed. R. Civ. P. 83, states:

**(a) Local bankruptcy rules**

(1) Each district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction which are consistent with--but not duplicative of--Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Rule 83 F.R.Civ.P. governs the procedure for making local rules. A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., to make and amend rules of practice and procedure which are consistent with--but not duplicative of--Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States.

(2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

**(b) Procedure when there is no controlling law.** A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of the district unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

Fed. R. Bankr. P. 9029.

Rosbottom contends that the standing order violated Fed. R. Bankr. P. 9029(b). Specifically, Rosbottom claims that the standing order cannot apply to him because he was unaware of the standing order prior to the March 23 hearing, i.e., he was not provided advance-actual notice of the standing order. However, after examination of the record, the Court finds that Rosbottom's assertion lacks veracity. In May of 2016, Rosbottom sought to appear, by telephone, at a June 6, 2016 hearing before the bankruptcy court. Accordingly, Rosbottom filed a Motion for Leave to Appear by Telephone on May 16, 2016. See Record Document 2-11 at p. 1, Motion for Leave to Appear by Telephone. Schiff filed a Response to Motion for Leave to Appear by Telephone. See Record Document 2-11 at p. 6, Response to Harold L. Rosbottom, Jr. Motion for Leave to Appear by Telephone (DKT. 1992). The Response stated:

> The purpose of this response is not to object to this Court granting Rosbottom leave to appear by telephone, but rather to request that Rosbottom be held to the Court procedures of this Court, which state in relevant part:
>
> > 6. Telephonic Participation.
> >
> > Requests for telephone participation must be made by motion. Telephonic appearances are not permitted in evidentiary matters or on any Chapter 13 Trustee panel. Witnesses may not be presented by telephone and witnesses may not be examined by telephone. Parties may not participate by a speaker phone or a cell phone. If a technological problem arises, the hearing will continue without the participation of telephone participants. The Court will not

> delay hearings for signal problems, interference or phone failure. Accordingly, persons choosing to attend a hearing by telephone do so at their own risk of a technological failure.
>
> The Trustee and LTSG are not certain that Rosbottom is aware of the Court Procedures of this Court, so part of the reason for this response is to advise him of such, and also that the Trustee and LTSG will object to any attempt to address witnesses or introduce evidence at the June 7, 2016 hearing, should one by conducted by the Court.

Record Document 2-11 at p. 7. Furthermore, the Order Granting Motion for Telephonic Hearing reiterated the procedure as it relates to telephonic participation. See Record Document 2-11 at pp. 23-24, Order Granting Motion for Telephonic Hearing.

Accordingly, the Court rejects Rosbottom's contention that the standing order violated Fed. R. Bankr. P. 9029(b) because he was disadvantaged by the order. The Court finds that Rosbottom was clearly aware that such order was in place. The Court notes that it was Rosbottom's decision to proceed *pro se*, but "[t]he rules of procedure and the rules governing bankruptcy proceedings apply equally to everyone." In re Salter, 251 B.R. 689, 692 (S.D. Miss.), aff'd, 234 F.3d 28 (5th Cir. 2000). The Court further notes that "[t]here are pitfalls in litigation and these hazards can be difficult for *pro se* litigants, [like Rosbottom], to navigate. However, [a] *pro se* litigant's unfamiliarity with court proceedings does not relieve him of the duty to abide by procedural rules." May v. Univ. of Mississippi Med. Ctr., Civil Action No. 3:11-CV-665-CWR-FKB, 2015 WL 1540429, at *3 (S.D. Miss. Apr. 7, 2015) (quotation marks and citations omitted). Consequently, Rosbottom's *pro se* status does not excuse him from the bankruptcy court's standing order. The bankruptcy court's standing order applies to all parties. Accordingly, the Court finds that the bankruptcy court's standing order did not violate Fed. R. Bankr. P. 9029.

Rosbottom also argues that pursuant to Fed. R. Bankr. P. 9029(a)(2), the bankruptcy court's standing order resulted in the loss of rights, i.e., loss of right to present evidence and cross-examine witnesses. However, the Court is unpersuaded by Rosbottom's argument. As indicated *supra*, Rosbottom lost no rights because the bankruptcy court allowed Rosbottom access to the hearing transcript and to file his Post Hearing Memorandum raising any concerns that he was unable to at the hearing due to his non-appearance. Rosbottom was aware of the standing order prior to the hearing and had he wished to present evidence and cross-examine witnesses he could have hired an attorney. The Court finds that Rosbottom was fully aware that he being imprisoned prevented him from presenting evidence and cross-examining witnesses at bankruptcy hearings.

### C. Rosbottom's claim that the bankruptcy court erred in never ruling upon and deeming moot by Final Decree pending "substantive" motions to modify the confirmed Chapter 11 Reorganization Plan.

Rosbottom contends that the decision by the bankruptcy court to close the proceeding without ruling on the substance of the modification motion was error. In essence, Rosbottom is requesting the Court to determine whether a motion to modify a bankruptcy plan must be decided before the bankruptcy court enters a final decree order. Under the facts of this case, the Court finds that the bankruptcy court's procedural posture in rendering moot Rosbottom's motion to modify the Chapter 11 Reorganization Plan was reasonable under the circumstances. Pursuant to 11 U.S.C. § 1127(e), "[i]f the debtor is an individual, the plan may be modified at any time after confirmation of the plan but before the completion of payments under the plan . . . ." 11 U.S.C. § 1127(e). At the hearing, the bankruptcy court deemed the testimony of Kim Thayer ("Thayer") and Leslie

Fox ("Fox") to be credible and competent. Prior to April 19, 2016, Thayer was the chief operating officer and chief financial officer for all of the business entities that were previously owned by Rosbottom's bankruptcy estate. Since April 19, 2016, Thayer had been employed as a manager of these same companies. At the hearing, Thayer testified that all payments have been made under the confirmed plan and that all creditor claims had been paid. Fox is Rosbottom's ex-wife and current owner of all of the business entities that were previously owned by Rosbottom's estate. Under the terms of the confirmed Chapter 11 Reorganization Plan, Fox was to become the sole owner of these entities. Fox testified she was in control of these business entities and that Schiff, as the Chapter 11 Trustee, ceased his operations and control well over a year ago. Fox also testified that she had successfully undergone a suitability evaluation as Rosbottom's estate entities were involved in gaming. Fox testified that the successful transfer of ownership of these entities required that she obtain such approval from the Louisiana Gaming Control Board.

Following the hearing, it is clear to the Court that the bankruptcy court considered the evidence and witnesses presented at the March 23 hearing as well as Rosbottom's Post Hearing Memorandum before deciding to grant Schiff's Motion for Final Decree. Ultimately, the bankruptcy court found that all payments to creditors under the plan had been completed, rendering the Final Decree Order proper. Therefore, modification of the Chapter 11 Reorganization Plan would serve no purpose and is not permitted by law. See 11 U.S.C. § 1127(e). Furthermore, it is clear to the Court that the bankruptcy court's ruling mooting Rosbottom's thirteen motions relating to the modification of the confirmed Chapter 11 Reorganization Plan was not done "willy-nilly," but was based on substantive

evidence and findings that the bankruptcy court believed rendered moot any relief sought in the thirteen motions. Therefore, the Court finds that the bankruptcy court did not clearly err in entering its Final Decree Order and thereafter mooting Rosbottom's other motions, namely his modification motions. Additionally, this section's analysis adequately addresses the entirety of Rosbottom's third issue raised on appeal.

## III. CONCLUSION

Based on the foregoing analysis,

**IT IS ORDERED** that the bankruptcy court's Final Decree Order be and is hereby **AFFIRMED**.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of June, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT